ABRAM FRENCH *vs.* JAMES MORRIS.

The reservation in a deed of the right of free access to a well on the granted premises, to take and use the water, gives a right to take the water by a pump no less than by a pipe.

A right, reserved in a deed of land, of free access to a well on the granted premises, to take and use the water, may be assigned to the purchasers of other lands of the grantor.

BILL IN EQUITY to restrain the defendant from interrupting the plaintiff and his tenants in the enjoyment of a right to take water from a well on the defendant's land. At the hearing before *Foster*, J., the following facts appeared :

The Middlesex Company, owning a tract of land on Williams Street and Green Street in Lowell, on March 1, 1841, conveyed in fee simple part thereof, on which there was a dwelling-house and well of water, to Albert Marshall by a deed which contained the following words : " Reserving nevertheless to said company their successors and assigns, the right of free access at any and

all times to the well now on the premises to take and use the water thereof; provided that this right shall be held subject to the right of the grantee to use water from the same well for the dwelling-house or houses built or owned by him on the premises aforesaid, in preference to the grantors or their assigns, whenever there shall be a deficiency."

On April 1, 1841, the Middlesex Company conveyed another part of the tract adjoining this land and next westerly thereof, with dwelling-houses thereon but no well, to the plaintiff in fee simple, by a deed which contained the following words: " together with the right of free access at any and all times to the well now on said Marshall land so conveyed as aforesaid by said company to said Marshall by deed dated March 1, 1841, to take and use the water thereof for domestic purposes, subject to the rights of said Albert Marshall as secured to him by the deed last aforementioned." On the same April 1, 1841, the Middlesex Company conveyed in fee simple, to other parties, two other lots, parts of the same tract, each deed containing such a provision as to the right of access to the well on the defendant's premises as was contained in the deed to the plaintiff. The title to the land conveyed to Marshall became vested in the defendant, through several mesne conveyances.

There never was any deficiency of water in the well.

The plaintiff, after his purchase, let the several buildings on his land to various tenants for dwelling-houses, and they used the well, a part of the time by taking the water in a pipe, and a part of the time by using a pump at the well, with occasional slight interruptions, until the defendant purchased his lot; since which time he had denied the right of the plaintiff and his tenants to take and use the water of the well and to enter upon his premises for that purpose, and had prevented them from so doing. The well was kept covered, with a pump therein, which at times was kept chained by the defendant.

The defendant contended that the Middlesex Company reserved no rights to the well and water, in the deed to Marshall, which they could or did convey to the plaintiff; and that if they could and did convey to the plaintiff any right to the well and

water, it was the right to take water by pipes or aqueducts, and not the right of actual entry upon the premises of the defendant to take water from the well by a pump, or other means to be used on the defendant's premises; and these questions of law were reserved by the presiding judge for the consideration of the whole court.

*D. S. Richardson & G. F. Richardson*, for the plaintiff.

*G. Stevens & W. S. Anderson*, for the defendant.   The right reserved by the Middlesex Company in their deed to Marshall was a right in gross, and in its nature not assignable.   It was not *profit a prendre* nor an interest in land.   Even if capable of assignment, it was indivisible, and a single sale would exhaust it.   The attempt to sell the right to three different parties by simultaneous separate conveyances was ineffectual; all could not take it, as that would divide it; and neither taking by prior conveyance, it passed to neither.   *Ackroyd* v. *Smith*, 10 C. B. 164, 167.   *Post* v. *Pearsall*, 22 Wend. 425.   *Perley* v. *Langley*, 7 N. H. 233.   A right of this character is either appurtenant to a certain piece of land with which it is to be enjoyed, or it is a right in gross, attached to a particular person, and cannot be separated from the person and attached to land independent of him.   *Ackroyd* v. *Smith, ubi supra.*   *Garrison* v. *Rudd*, 19 Ill. 558, 565, and cases cited.   Woolrych on Ways, 13–16.   2 Bl. Com. 35.   3 Kent Com. (6th ed.) 420.   1 Crabb Real Prop. 325. 2 Bouvier Inst. 187.   Washburn on Easements, 80, 81.   In *White* v. *Crawford*, 10 Mass. 183, 188, the right was clearly appurtenant to a piece of land, and the court say they would have so found it.   In *Goodrich* v. *Burbank*, 12 Allen, 459, and *Lonsdale Co.* v. *Moies*, 21 Law Reporter, 664, the right was an interest in land and thus clearly assignable.   The right in the case at bar is a mere naked right of access, granted in gross, and if assignable to three to be enjoyed by their tenants, twenty or thirty in number, might as well be granted to hundreds, and even hereafter may continue to be granted by the Middlesex Company indefinitely, and may affect the rights of the defendant so materially as to well nigh ruin his property.   By the reservation it was not made appurtenant to any estate, and the

French v. Morris.

Middlesex Company cannot make it appurtenant to three or more parcels of land, and then sell those parcels with the right appurtenant to each. If the right by the original grant was not made appurtenant to any land, then the grantee cannot afterwards make it appurtenant to a piece of land so as to pass with the land by the sale of that land. This right, by the terms of the reservation by which it was created, not being attached to any estate, although it may be enjoyed by the grantees in connection with any estate they may occupy, cannot be made appurtenant to any estate or be sold in connection with any as appurtenant or otherwise, as this would be an enlargement of the original grant contrary to the intent of the grantor. In *Senhouse* v. *Christian*, 1 T. R. 560, the right was an interest in land, and moreover the question whether it was assignable was not discussed.

CHAPMAN, C. J. In the conveyance of the Middlesex Company to Marshall, the manifest intent of the grantors was, after granting the right to the water of the well for the reasonable use of the occupants of the dwelling-houses on the granted premises, to reserve the remaining water to the grantors and their assigns in gross. It is contended that such a reservation is void as to the assigns of the grantors. But its validity is established in *Goodrich* v. *Burbank*, 12 Allen, 459. The right to take the water may be enjoyed in any reasonable manner, whether by means of a pump or bucket, or otherwise. And the right to take it directly from the well may be divisible among many servants or licensees or grantees, as well as the right to take it from an aqueduct by means of which it has first been drawn out of the well. As the defendant has a prior right to the water which he needs, it is not material to him who takes the remainder of it; and he has no right to interrupt those who come for water by virtue of the right reserved to the Middlesex Company.

*Decree for the plaintiff with costs.*