CHARLES W. WOOD *vs.* WILLIAM T. BOYD & others.

Worcester.   October 5. — 20, 1887.   C. ALLEN & KNOWLTON, JJ.,
absent.

A., the owner of a tract of land, having a house on the southerly side, and bounding on the north on a turnpike, conveyed the northerly portion of it to B., reserving to himself, his heirs and assigns, a right of passageway from his house to the turnpike. A. subsequently sold the remainder of the estate to C., and conveyed to him, his heirs and assigns, the right of a passageway from the dwelling-house on the estate to the turnpike. C. divided the land into two lots, and sold the southerly lot to D. and conveyed to him, his heirs and assigns, a right of passage to the turnpike. Subsequently, B. sold the lot on the turnpike to E., "reserving to the owner and his assigns of the adjoining estate, formerly of A., the right of a passageway to the turnpike." The heirs of E. afterwards sold the lot on the turnpike to F. "reserving to the owner of the estate and others adjoining on the south a right of passageway over the within granted premises as specified in deed of B. to E." *Held,* that the language of the two deeds last named as to the passageway constituted an exception, and not a reservation, and that the exception was not confined to the right which the owner of the lot immediately adjoining on the south might have to a passageway, but applied also to the right of the owner of the most southerly lot owned by D. *Held, also,* that there was no breach of a covenant against incumbrances contained in the deed to F.

CONTRACT, for breach of a covenant against incumbrances, in a deed from the defendants to the plaintiff. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

On August 19, 1836, Nathan Heard, who then owned a farm bounded northerly on a turnpike, and having a house upon it on the southerly side, conveyed to James Estabrook the northerly portion lying between the house and the turnpike. This deed contained the following clause: " reserving to said Heard, his heirs and assigns, the right of passageway from his dwelling-house to the turnpike aforesaid, and through the premises, as the same is now enjoyed."

The turnpike referred to is now Belmont Street, and the right to use the passageway has been conveyed, in substantially the same language, by several mesne conveyances, from Heard to Ann B. Earle, who now resides on the same premises and in the same house which Heard occupied at the time of his deed to Estabrook.

On August 19, 1836, Nathan Heard conveyed to John F. Clark all of his homestead estate, and on October 22, 1839, he made, upon the back of that deed, a conveyance to Clark, his heirs and assigns, of " the right of a passageway from the dwelling-house on the estate to the turnpike," over the estate conveyed to Estabrook, " meaning to convey the passageway the same as it is now enjoyed." The conveyance of the right of passage was recorded on November 22, 1839.

On October 3, 1839, Clark conveyed to Edward Earle the estate conveyed to him by Heard, " excepting the part of said homestead sold by Heard to James Estabrook," and also reserving a strip of land lying south and east of the house sold to Estabrook. This strip of land, thus reserved, lies between the land sold to Estabrook and the southerly part of the Heard farm.

On November 22, 1839, Estabrook conveyed to Rodney A. Miller the lot bordering on the turnpike, " reserving to the owner and his assigns of the adjoining estate, formerly of said Heard, the right of a passageway from the dwelling-house on said estate to the turnpike aforesaid, and through the premises as the same is now enjoyed, being the same estate conveyed to me by deed from Nathan Heard, bearing date August 19, 1836."

On July 18, 1884, the defendants, who had acquired by inheritance the estate of Rodney A. Miller, conveyed the lot bordering upon the turnpike to the plaintiff. The deed, after describing the premises by metes and bounds, contained this clause : " Reserving to the owner of the estate, and others adjoining on the south, a right of passageway over the within granted premises as specified in deed of James Estabrook to Rodney Miller, dated November 22, 1839." The deed also contained the usual covenant that the premises " are free from all incumbrances."

At the time of the deed to the plaintiff, the lot immediately south of it was owned by Josephine H. Cutter, who derived her title from Clark. South of this lot was the lot of Ann B. Earle.

The plaintiff contended that the right of way possessed by Ann B. Earle by virtue of the clause in the deed from Heard to James Estabrook was an incumbrance on his land ; and that the passageway mentioned in the defendant's deed to him terminated at the death of John F. Clark or of Edward Earle, both of whom died before the date of the deed to the plaintiff.

The defendants contended that the language relating to a passageway in their deed to the plaintiff constituted an exception and not a reservation, and that the same was true of the language in the deed from Estabrook to Miller.

The judge ruled in accordance with the defendants' contention. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*B. W. Potter*, for the plaintiff.

*F. P. Goulding*, for the defendants.

MORTON, C. J.    The plaintiff's lot was formerly a part of a larger lot owned by one Heard.   In 1836, Heard conveyed the plaintiff's lot to one Estabrook by a deed containing the following clause : "reserving to said Heard, his heirs and assigns, the right of passageway from his dwelling-house to the turnpike aforesaid, and through the premises, as the same is now enjoyed."   This right of way was conveyed by deed of Heard, and by several mesne conveyances, to Ann B. Earle, who now owns and occupies the house formerly owned by Heard.   It is this right of way, in favor of said Earle, which the plaintiff contends is an incumbrance on his estate, and within the covenant of his deed from the defendants.   His deed contains a covenant that the granted premises are free from all incumbrances, and the question in this case is, What are the granted premises?   The deed, after the description of the land by metes and bounds, contains this clause : " reserving to the owner of the estate, and others adjoining on the south, a right of passageway over the within granted premises, as specified in deed of James Estabrook to Rodney Miller, dated November 22, 1839."

We think the purpose and effect of this clause was to except out of the grant to the plaintiff any rights to use the passageway specified in the deed of Estabrook belonging to any of the owners of the estate formerly of Heard.   The deed of Estabrook to Miller contains this clause : " reserving to the owner and his assigns of the adjoining estate, formerly of said Heard, the right of a passageway from the dwelling-house on said estate to the turnpike aforesaid, and through the premises, as the same is now enjoyed."   Prior to this deed Heard had conveyed to one Clark, his heirs and assigns, all his estate south of the plaintiff's lot, together with " the right of a passageway

from the dwelling-house, on the estate to the turnpike " over the estate conveyed to Estabrook, " meaning to convey the passageway as it is now enjoyed," and there was a defined existing passageway, the same as is now used.

We are of opinion that both the above-cited clauses, in the deed of Estabrook to Miller and in the deed of the defendants to the plaintiff, operated as exceptions, and not as reservations. A reservation in a deed vests in the grantor some new right or interest not before existing in him. It cannot vest any right in a stranger to the deed. *Murphy* v. *Lee*, 144 Mass. 371. It operates by way of an implied grant; and, if it does not contain words of inheritance, it will give only an estate for the life of the grantor. The operation of an exception is to retain in the grantor some portion of his former estate, which by the exception is taken out of, or excluded from, the grant ; and whatever is thus excepted remains in him as of his former title because it is not granted. *Ashcroft* v. *Eastern Railroad*, 126 Mass. 196. In both clauses the word "reserving" is used, but this is of little importance. The plain purpose of the parties was not to reserve any new right which should vest in the grantor, but to recognize, and except from the grant, rights of way existing by prior grants in third persons who were not parties to the deed. Nothing is reserved to the grantor in either deed ; the terms used in both are "reserved to the owner of " the adjoining estate, and others. Both clauses are of no effect, unless they are held to be exceptions.

Construing the clause in the plaintiff's deed as an exception, it qualifies and limits the estate granted. " The granted premises" which are covenanted to be free from incumbrances is not the land in fee, but the fee diminished by existing easements, which are excepted out of the grant. Such easements are not incumbrances upon "the granted premises." They are excepted as they existed, that is as perpetual easements, and there is no ground for contending that they terminated at the death of Earle or Clark.                    *Exceptions overruled.*