CHARLES J. SIMPSON & another *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    December 5, 1899. — June 20, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Private Way across Railroad — Deed — Prescription — Exception —*
*Reservation — Statute.*

A clause in a deed to a railroad corporation, " Reserving, however, a crossing or right of way to be maintained and kept in repair at the expense of said railroad corporation, and to be thirty feet wide and to cross said road or track on a line parallel with the southeasterly line of said Simpson's land and to be distant one hundred feet southwesterly therefrom," does not operate by way of exception, but only by way of reservation, and, in the absence of the word "heirs," does not operate beyond the life of the grantor.

The St. of 1892, c. 275, is intended to prevent the acquisition of rights of way across railroads by prescription, whether the adverse use had been begun prior to the passage of the statute or not, and the "existing right of way" means a right which at the time of the statute had fully ripened into a right by prescription or otherwise.

BILL IN EQUITY, to restrain the defendant from maintaining a fence on each side of its railroad across an alleged right of way, and to compel it to replace the planks removed by it from said way.

The bill alleged that the Boston and Lowell Railroad took a strip of land for railroad purposes across the farm of Jesse Simpson, in Somerville, dividing it into two parts, with several acres in each part, and filed its location to complete its taking on

September 3, 1870, and that the corporation gave Simpson $11,350, and took a deed of conveyance of the strip of land, in which appeared the following clause:

" Intending hereby to convey the land of mine taken by said railroad corporation for the purposes of its road or track, as shown by the certificate of its location filed with the records of the county commissioners for the county of Middlesex, Sept. 3, 1870. Reserving, however, a crossing or right of way to be maintained and kept in repair at the expense of said railroad corporation, and to be thirty feet wide and to cross said road or track on a line parallel with the southeasterly line of said Simpson's land and to be distant one hundred feet southwesterly therefrom. The partition fences between the land of said railroad corporation and the land of said Simpson, his heirs and assigns, to be built and kept in repair at the expense of said corporation, its successors and assigns."

For many years previous to the location of the road, Simpson had used a way across his farm and across the land covered by the railroad location, which connected his farm with North Avenue, leading to Boston, and also connected the different parts of the farm, and continued the use of said way after the said location until the railroad was graded. The grading of the railroad left high banks, making it impracticable to continue the way where it had been; but Simpson continued to cross the land covered by the location, but at no particularly defined point until the giving of the deed on October 3, 1872, when it was defined as stated therein. The way was used during the life of Simpson, who died in September, 1877, and after his death was continued in use by his heirs and successors in title until the autumn of 1898, when the defendant road, the lessee of the Boston and Lowell Railroad, closed it.

The plaintiffs were owners of portions of the farm, the first of the piece upon the northerly side, and the other, John F. Foster, of the piece upon the southerly side of the railroad. The first named plaintiff inherited his land from Jesse Simpson, and Foster obtained his from Jesse Simpson through several mesne conveyances.

The defendant demurred to the bill, assigning as grounds therefor (1) that the plaintiffs acquired no right to cross

the location of the defendant by prescription, because no right of way over a railroad location can be so acquired since the passage of St. 1892, c. 275, entitled " An Act to prevent the acquisition of rights of way across railroads by prescription " ; and (2) that the right of way was originally acquired by reservation contained in the deed to the defendant, and as the reservation contained no words of inheritance, the right of way could continue only until the death of the grantor in 1877.

Hearing before *Lathrop*, J., who, at the request of the parties, reserved the case upon the bill and demurrer for the consideration of the full court. If the demurrer was sustained, a final decree was to be entered dismissing the bill; if the demurrer was overruled, a decree was to be entered for the plaintiffs according to the terms of the prayer contained in said bill.

*W. H. Brown*, for the plaintiffs.

*E. J. Rich*, for the defendant.

HAMMOND, J. As respects the record title, the rights of the parties depend upon the legal meaning of the following clause in the deed of Simpson to the Boston and Lowell Railroad Corporation: " Reserving, however, a crossing or right of way to be maintained and kept in repair at the expense of said railroad corporation, and to be thirty feet wide and to cross said road or track on a line parallel with the southeasterly line of said Simpson's land, and to be distant one hundred feet southwesterly therefrom."

If we assume in behalf of the plaintiffs that this right of way thus created was appurtenant to the land now owned by them, we are met by the question as to the duration of the easement. Was it to continue beyond the life of the grantor? Whatever may be the law elsewhere, it is settled in this Commonwealth that an easement may be created by way of exception or reservation, and, as an exception may be created by words of reservation, little reliance can be placed upon the language used. *Claflin* v. *Boston & Albany Railroad*, 157 Mass. 489, 493, and cases cited.

The clause in the deed could not operate by way of an exception, because it was a new right of way. *Ashcroft* v. *Eastern Railroad*, 126 Mass. 196. *Claflin* v. *Boston & Albany Railroad*, *ubi supra*. *Hamlin* v. *New York & New England Railroad*, 160 Mass. 459.

Nor could it operate as a reservation beyond the life of the grantor because of the absence of the word "heirs."

The principles applicable to the case have been so fully explained in comparatively recent decisions of this court that it is unnecessary further to discuss them. See, in addition to the foregoing cases, *Bean* v. *French,* 140 Mass. 229; *Wood* v. *Boyd,* 145 Mass. 176; *White* v. *New York & New England Railroad,* 156 Mass. 181.

The easement created by the deed continued only during the life of the grantor.

As to the claim of a right of way by prescription, the plaintiffs are met by St. 1892, c. 275, which reads thus: "No right of way across any railroad track or location which is in use for railroad purposes shall hereafter be acquired by prescription; but nothing herein contained shall affect any existing right of way."

The plaintiffs contend that this statute is not applicable here, because they were exercising the right of way under a claim of right, and that such a right is an "existing right of way," even if it is founded upon adverse use for a time less than twenty years. But with this interpretation of the statute we cannot agree. The statute was intended to prevent the acquisition of a right by prescription whether the adverse use had been begun prior to the passage of the statute or not, and the "existing right of way" means a right which at the time of the statute had fully ripened into a right by prescription or otherwise.

*Demurrer sustained, and bill dismissed.*