## CLARENCE CARVILLE *vs.* COMMONWEALTH.

Worcester. October 2, 1906. — October 15, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Easement*, By prescription. *Metropolitan Water Supply Act. Damages*, For property taken by statutory authority.

Where the owner of land on which there is a pond gives his son oral permission to cut ice upon the pond and afterwards the son erects ice houses and sells ice from the pond for a series of years, whether these acts of the son would warrant a finding that his use of the pond was adverse and not permissive, so that if continued for twenty years he might acquire an easement by prescription, *quaere.*

Where a petitioner for damages under a statute, for the taking by the right of eminent domain of an alleged easement in gross to maintain a certain pond for the purpose of cutting ice, shows that the land under the pond belonged to his father and that the petitioner a little more than nineteen but less than twenty years before the taking built a dam to raise the waters of the pond and shortly afterwards built ice houses there, the fact that during the year before the building of the dam the petitioner worked by odd jobs on the land does not show an exclusive occupation nor a use of the land for cutting and taking ice such as would mark the beginning of an adverse use and extend it to a period of twenty years.

Under St. 1895, c. 488, § 14, as amended by Sts. 1899, c. 342, 1900, c. 108, §§ 1, 2, 1901, c. 498, 1904, c. 186, a petition for damages for the taking by the metropolitan water commissioners of an alleged easement in gross to maintain a certain pond for the purpose of cutting ice, where by the same instrument of taking the land under the pond was taken, must be filed "within two years after the actual taking by right of eminent domain of such real estate or any interest therein," and the provisions of· the amending statutes extending the period of limitation in the case of petitions for damages for the taking of water rights where no land is taken in connection with such water rights have no application.

PETITION, filed in the Supreme Judicial Court on October 19, 1903, and amended on December 23, 1903, and January 30, 1904, under St. 1895, c. 488, and acts in amendment thereof, for the assessment of damages for the taking by the metropolitan water board of Carville Pond in Clinton and an alleged prescriptive easement in gross claimed by the petitioner to maintain that pond for the purpose of cutting ice and for other purposes.

After the decision reported in 189 Mass. 273, the case was tried before *Braley, J.*, who ruled that on all the evidence the

petitioner was not entitled to recover, and ordered a verdict for the Commonwealth. At the request of the petitioner he reported the case for determination by this court. By agreement of the parties, if the ruling was right judgment was to be entered on the verdict; if the ruling was wrong judgment was to be entered for the petitioner in the sum of $1,796.49, with interest from April 11, 1906.

*W. A. Gile,* for the petitioner.

*D. Malone,* Attorney General, *W. P. Hall & F. T. Field,* Assistant Attorneys General, for the Commonwealth.

KNOWLTON, C. J. The petitioner claims damages under the St. 1895, c. 488, and the amendments thereto, for property taken by the metropolitan water board for the Wachusett reservoir. See *Carville* v. *Commonwealth,* 189 Mass. 273. The instrument of taking was recorded on May 20, 1898. The property is an alleged right to use a pond on land formerly belonging to the petitioner's father, Daniel W. Carville, for the cutting of ice for the market. This land was taken by the instrument referred to, and it was also conveyed by Daniel W. Carville to the Commonwealth by a duly executed deed. There was testimony that at one time Daniel W. Carville gave the petitioner oral permission to cut ice upon the pond, and that afterwards the petitioner erected ice houses, and sold ice from this pond in the market for a series of years. If the petitioner at any time had any right in the pond for which he was entitled to damages he acquired it by adverse use. There is a grave question whether the evidence would warrant a finding that the use was adverse, or other than permissive. But, if we assume that the jury might have found in his favor on this point, his use of the pond had not continued so long as twenty years when the Commonwealth took the property. The dam was not built until the autumn of 1878, nor the ice houses until 1879. His testimony to having worked by odd jobs on the land during the year before did not show an exclusive occupation, nor a use of the land for cutting and taking ice, such as would mark the beginning of an adverse claim as a foundation for the acquisition of a right to take ice.

But, if we assume that the plaintiff had acquired a right, it was an easement in gross, or a *profit à prendre,* which was an

interest in the real estate.   *Goodrich* v. *Burbank*, 12 Allen, 459.
*French* v. *Morris*, 101 Mass. 68.   *Amidon* v. *Harris*, 113 Mass.
59.   *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463.
*Mayor of New York* v. *Law*, 125 N. Y. 380.   *Poull* v. *Mockley*,
33 Wis. 482.   Damage suffered from the taking of real estate
or an interest therein, could only be sued for under the St. 1895,
c. 488, § 14, as amended by Sts. 1899, c. 342, 1900, c. 108,
§§ 1, 2, 1901, c. 498 and 1904, c. 186, " within two years after
the actual taking by right of eminent domain of such real estate
or of any interest therein."   The extension of the time for filing
petitions under these statutes does not include cases like the
present.   Whatever be the construction of the term " actual
taking," the petition was filed too late; for the water was
actually withdrawn in January, 1900, and the petition was not
filed until October 19, 1903.

It therefore becomes unnecessary to consider either the effect
of the petitioner's deed of release to the Commonwealth, cover-
ing damages for taking other lands belonging to him under this
same instrument of taking and for the taking of his ice houses
used with this pond, or the effect of the judgment in favor of
the Commonwealth upon his suit for damages to his established
business.

*Judgment on the verdict.*