F. Roland McDermott, executor, & another vs. Ethel
Wing Dodd & others.

Norfolk.    April 3, 1950. — June 2, 1950.

Present: Qua, C.J., Lummus, Wilkins, Williams, & Counihan, JJ.

*Way*, Private: creation. *Easement.* *Real Property*, Reservation, Excep-
tion.    *Deed*, Construction.    *Adverse Possession and Prescription.*
*Words*, "Reserve," "Except."

Two deeds, one dated 1848 and the other dated 1880, and referring to an
existing way in the following language, respectively, without words of
inheritance: the grantor "reserves a leading way to . . . [a great
pond] to remain always open as at present," and "reserving a leading
way to the pond to remain always open as reserved under the . . .
[1848 deed]," each created a right of way by exception.
A right of way excepted in a deed was only in gross where the grantor
retained no land to which it could be appurtenant;  and one not shown
to be an heir, devisee or assignee of the grantor did not acquire such
right through him.
A finding that a plaintiff landowner had acquired a certain right of way
over the defendant's land by prescription before 1935, when the
defendant obstructed it, would not have been warranted where there
was no evidence that anyone in privity with the plaintiff had used the
way adversely or under a claim of right before he acquired title to his
land in 1919.
A plaintiff, owner of land on the north side of a street located northerly
of a great pond, could not gain a right of way to the pond across land
of the defendant south of the street merely because some of the deeds
in the defendant's chain of title, to which the plaintiff and his predeces-
sors in title were strangers, conveyed the land subject to a certain
right of way mentioned in a deed in the plaintiff's chain of title.

Bill in equity, filed in the Superior Court on June 3,
1946, to establish a right of way and to restrain obstruction
thereof.

The suit was referred to a master.    The master's report
contained the following recital:  "The questions at issue
appear to be:  (1) The location of the 'leading way to the
pond' referred to in" a deed dated 1848, described in the
opinion.    "(2) The public use, or nonuse, of a way over a

part of the land now owned by the defendants Hobby, over a long period of time."' He stated that the land of the plaintiffs was a portion of the land described in the 1848 and the 1880 deeds referred to in the opinion. He made findings locating the "leading way" described in the 1848 deed; but found in substance that the right of way which the plaintiffs sought to establish was not that located by him, but was over what he designated as a "2,020 sq. ft. parcel of land," shown on a plan in evidence, and that that way was "the subject matter of this proceeding." He found that the defendants had obstructed that way in 1935. He further found that "between the years 1910 and 1935 a portion of said parcel was used for entrance to and egress from the lake . . . and for parking automobiles."

By order of *Hurley,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill.

*J. J. Gartland,* (*J. J. Moran* with him,) for the plaintiffs.

*H. J. Webb & S. G. Carpenter, Jr.,* for the defendants, submitted a brief.

LUMMUS, J. In Wrentham there is a great pond, called Lake Archer. Running approximately east and west at some distance from the northerly shore of Lake Archer is a street called Franklin Street. The defendants Amos K. Hobby and Mildred C. Hobby own as tenants by the entirety land on the southerly side of Franklin Street, which was conveyed to them by the defendant Ethel Wing Dodd on April 17, 1946. They have given a mortgage thereon to the defendant Benjamin Franklin Savings Bank.

Land on the northerly side of Franklin Street was conveyed by Charles E. and Jennie L. Holske to Thomas S. and Mary A. McDermott "as joint tenants" on May 17, 1919. They brought this bill in equity on June 3, 1946, to establish a right of way to Lake Archer over the land of the defendants, and to restrain the obstruction of the right of way. On March 16, 1949, Mary A. McDermott died, and on June 1, 1949, F. Roland McDermott, the executor of her will, was substituted for her as a party plaintiff.

McDermott *v.* Dodd.

The case was referred to a master, whose report was confirmed. A final decree was entered on July 13, 1949, dismissing the bill with costs, and the plaintiffs appealed.

1. For the origin of the alleged right of way the plaintiffs rely upon two deeds. The first is a deed from Jason H. Archer to Asa and Amasa Bates, dated May 10, 1848, conveying land both north and south of Franklin Street. This deed provides as follows: "The said Archer reserves a leading way to the pond to remain always open as at present." The second is a deed from Prentice H. Pond to Phebe B. Sherman, wife of Elijah Sherman, dated January 19, 1880, conveying land both north and south of Franklin Street. This deed provides as follows: "Reserving a leading way to the pond to remain always open as reserved under the deed of Jason H. Archer to Asa and Amasa Bates, May 10th 1848."

It will be seen that no words of inheritance were used in the reservation of the right of way in either deed. The difference between a reservation and an exception was explained in *Ashcroft* v. *Eastern Railroad,* 126 Mass. 196, 198. Until St. 1912, c. 502, § 19 (G. L. [Ter. Ed.] c. 183, § 13), the use of the word heirs was necessary to create a reservation in fee, as distinguished from an exception. *O'Shea* v. *Mark E. Kelley Co.* 273 Mass. 164, 170. *Bean* v. *French,* 140 Mass. 229, 231. *Wood* v. *Boyd,* 145 Mass. 176, 179. *Claflin* v. *Boston & Albany Railroad,* 157 Mass. 489, 493.

In determining whether a particular form of words constitutes an exception or a reservation, little reliance can be placed upon the use of the word reserve or the word except. *Stockwell* v. *Couillard,* 129 Mass. 231, 233. *Claflin* v. *Boston & Albany Railroad,* 157 Mass. 489, 493. *Simpson* v. *Boston & Maine Railroad,* 176 Mass. 359, 361. When the effect of the words is to create in the grantor some easement not before existing, the result is a reservation. *Bean* v. *French,* 140 Mass. 229, 231. *Claflin* v. *Boston & Albany Railroad,* 157 Mass. 489. *Childs* v. *Boston & Maine Railroad,* 213 Mass. 91, 93. But to constitute an exception, the easement need not have had a legal existence before the

deed. It is sufficient if it exists in fact on the surface of the ground, even though at the time of the deed all the ground is owned by one person. *Foster* v. *Smith*, 211 Mass. 497, 503. *Bailey* v. *Agawam National Bank*, 190 Mass. 20, 23. *White* v. *New York & New England Railroad*, 156 Mass. 181. *Hamlin* v. *New York & New England Railroad*, 160 Mass. 459.

Tested by this rule, the deeds already described, given in 1848 and 1880, created an exception, and no words of inheritance were needed to give a right of way in fee.

2. It does not appear that the grantor Archer in the 1848 deed or the grantor Pond in the 1880 deed retained any other land on the north side of Franklin Street to which the right of way could be appurtenant. The right of way seems to have been personal to the grantor, or to him and his heirs, as an easement in gross. *White* v. *Crawford*, 10 Mass. 183, 188. *Bowen* v. *Conner*, 6 Cush. 132, 137. *Goodrich* v. *Burbank*, 12 Allen, 459. *Carville* v. *Commonwealth*, 192 Mass. 570. *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 57. The plaintiffs are not shown to be the heirs, devisees or assignees of either of the grantors Archer or Pond.

3. Neither was it shown that the plaintiffs have acquired any right of way by prescription. The master reported that some use was made of a way over the land of the defendants between 1910 and 1935, but did not find a way by prescription. There was nothing to show that anyone in privity with the plaintiffs used the way adversely or under a claim of right before the plaintiffs acquired title in 1919. The master did not find any public way by prescription.

4. Some of the deeds in the chain of title of the defendants convey the land subject to the right of way mentioned in the deed of Pond to Sherman in 1880. The plaintiffs and their grantors were strangers to these deeds of lands southerly of Franklin Street, and could not ·gain an easement thereby over the land of the defendants. *Hodgkins* v. *Bianchini*, 323 Mass. 169, 172.

*Final decree affirmed with costs.*