JOSEPH ELWELL *vs.* CHARLES MINER & others.[1]

Essex. December 9, 1960. — April 11, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Real Property,* Reservation, Life estate. *Deed,* Reservation. *Easement. Way,* Private: creation.

A clause in a deed in 1851 of a portion of a parcel of land owned by the grantor, "Reserving to myself the right at all times to pass and repass on and over" a designated strip of the granted premises, created by reservation and not by exception a new easement which, in the absence of words of inheritance, did not extend beyond the life of the grantor. [454]

The habendum clause in a deed in 1851, "To have and to hold the above-granted premises, with all the privileges and appurtenances thereto belonging, to the said . . . [grantee] his heirs and assigns, to his and their use and behoof forever," did not serve to extend beyond the grantor's life an easement in the granted premises reserved in the deed by the grantor without words of inheritance. [454]

BILL IN EQUITY, filed in the Superior Court on September 9, 1958.

The plaintiff appealed from a final decree entered by *Macaulay,* J.

*Richard L. Hull & Charles L. Ayers,* for the plaintiff, submitted a brief.

---

[1] The others are Alice Worrall and Ralph Selig.

*Carlton W. Wonson,* (*I. Irving Kline* with him,) for the defendants.

WILLIAMS, J. This is a suit in equity to restrain the defendants from obstructing an alleged right of way from the plaintiff's land over land of the respective defendants to East Main Street, a public way in Gloucester. The facts appear from a statement of agreed facts supplemented by a sketch of the locus attached to the plaintiff's bill which is herein reproduced.

The parcels of land in question are portions of a strip of land fifty feet wide and about three hundred fifty feet long extending in a northwesterly direction from East Main Street in Gloucester to Gloucester harbor. They are shown with substantial accuracy on the sketch. The strip was bounded southwesterly by land of George Gerring and others and northeasterly by land of George Lisk. It was acquired by one Oliver Tarr in 1846. In 1851 he sold to his son-in-law Alexander Johnson a lot from this strip located approximately midway between East Main Street and the harbor. Tarr retained the land northwesterly and southeasterly of the parcel sold to Johnson. The lot sold to Johnson is described as lot B on the sketch and the lots retained by Tarr as lots A and C. The deed to Johnson recited, "Reserving to myself the right at all times to pass and repass on and over the westerly side of the above conveyed premises to the width of eight feet on the whole length of said lot of one hundred feet. And also hereby granting to said Johnson the right at all times to pass and repass, from the highway to the above conveyed premises on and over a passage way eight feet in width on the Westerly side of my lot of land, adjoining the land of George Gerring. To have and to hold the above-granted premises, with all the privileges and appurtenances thereto belonging, to the said Alexander Johnson his heirs and assigns, to his and their use and behoof forever." Lot C, that part of the strip between lot B and the harbor, is now owned by the plaintiff and his wife Katherine A. Elwell as tenants by the entirety. They acquired it in 1956 by a deed

which included in the description of the conveyed land "Also a right of way eight (8) feet wide from East Main Street to the granted premises, on the Southerly side of land now or formerly of Hattie L. Tarr." The defendant Miner now owns lot B and the defendant Selig lot A. The defendant Worrall owns lot D which includes a small rectangular parcel, formerly a part of lot B, acquired from a prior owner of lot B in order to obtain the benefit of the right of way from lot B to East Main Street.

For "an indefinite period" there has been a fence without gates or openings between lots B and C and a fence along the division line of D and lots B and C. This suit is the result of a demolition by the plaintiff of eight feet of the fence between lots B and C. "No physical evidence of any way or path over the defendant Miner's property is visible. Access to the plaintiff Elwell's land never was had over the land of any of the defendants." Elwell has access to his land through Avon Court, a private way, leading from East Main Street to other land of the plaintiff.

The plaintiff makes no claim of a right of way by prescription but of an "express grant of easement" in the deed of Tarr to Johnson. The defendants contend that the provision of that deed constitutes a reservation which extended only for the lifetime of Oliver Tarr who died in 1862, and that as matter of law the plaintiff has no right of way across lot B.

A judge of the Superior Court ruled-that the provision in said deed "was not an exception but a reservation of a newly created right which did not previously exist," "that the reservation in the 1851 deed of the eight foot right of way, made without words of inheritance, operated only during the lifetime of Oliver Tarr," and that the plaintiff has no implied easement or easement of necessity on the facts set forth in the statement of agreed facts since he has as matter of right access to Avon Court and thence to East Main Street. The judge entered a final decree dismissing the plaintiff's bill, ordered the payment of $25 by way of damages for trespass to the defendant Miner, and ordered

costs to the respective defendants. From this decree the plaintiff appealed.

The judge was right in ruling that the language of the deed from Tarr to Johnson created an easement by reservation and not by exception. See *Simpson* v. *Boston & Maine R.R.* 176 Mass. 359, 361. The words "Reserving to myself the right at all times to pass and repass" over a designated portion of the granted premises was substantially the same form of expression held to be a reservation in *Ashcroft* v. *Eastern R.R.* 126 Mass. 196, 198–199. They vested in the grantor a new right or interest "not before existing in him" (p. 198). *McDermott* v. *Dodd,* 326 Mass. 54, 56. The right reserved did not extend beyond the life of the grantor. *Kakas Bros. Co.* v. *Kaplan,* 331 Mass. 323, 326. When the deed was given it was necessary to use words of inheritance in order to create a reservation in fee. *O'Shea* v. *Mark E. Kelley Co.* 273 Mass. 164, 170. *McDermott* v. *Dodd, supra,* p. 56, and cases cited. See now G. L. c. 183, § 13, incorporating St. 1912, c. 502, § 19. The contention of the plaintiff that the habendum clause of the deed served to enlarge the reserved easement to one in fee cannot be sustained. The office of a habendum is to declare and fix the nature and extent of the interest or title conveyed by the deed. *Pratt* v. *Sanger,* 4 Gray, 84, 86. The right reserved to pass and repass over the land of the grantee was not an interest conveyed by the grantor and its extent was not determined by the habendum.

*Decree affirmed with costs*
*to the defendants.*