## POULL VS. MOCKLEY.

*Easements, when assignable.*

A deed, by its terms, conveys to B., "his heirs and assigns forever," the right "to take water for the use of his family and for any other purposes," out of the well on the grantor's lot, to use the "hook, chain and other implements at such well," by which the water was taken by the grantor, and to have and use "a road three feet wide" from the east line of the grantor's lot to said well. When the deed was made, B. owned in fee a certain lot 9 adjoining on the east that on which said well was situate; and defendant has since acquired title to said lot 9, and taken an assignment of B.'s rights under said deed. *Held*,

1. That the easement might perhaps be regarded as *appurtenant* to lot 9, in which case defendant is the owner thereof.

2. That if the easement is *not* appurtenant, but *in gross*, it will be held in this state to be *assignable* by the grantee.

APPEAL from the Circuit Court for *Ozaukee* County.

*Poull* brought his action to compel the defendant *Mockley* to release an alleged interest in certain land of *Poull's*, known as lot 8. An agreed statement of facts was submitted to the court by the parties, from which it appeared that one Fuchs had formerly owned lot 8 in question, on which there was and still is a well, and one Budinger was the owner of lot 9, lying east of and adjoining lot 8 ; that Fuchs conveyed by warranty deed to Budinger, "his heirs and assigns forever," the property described in the deed as follows: "The right and privilege to take water for the use of his [said Budinger's] family, and for any other purposes, out of the well being on the premises of the parties of the first part [describing lot 8] * * and also the right to use the hook, chain and other implements at such well, by which the water is taken by the parties of the first part, and to have a road three feet wide, to which said road there shall be a door made by the parties of the first part [the said Fuchs and his wife] in the fence like far from the east line of the above named piece of land and the house of Anselm

Fuchs; and the party of the second part [the said Budinger] shall have the right and privilege to use this road at all times unmolested for the purpose of taking water from said well, conditioned that the party of the second part pays at all times the half of the necessary reparation on said well." The plaintiff derived title to lot 8 from Fuchs, by various intermediate conveyances. Budinger conveyed lot 9 to the defendant by warranty deed, and also gave a separate quitclaim deed to *Mockley* of the privilege or easement of taking water from the well on lot 8, created by the Fuchs deed above set forth. It was agreed that Fuchs had made the door as referred to, in the fence dividing lots 8 and 9, and that from the time of the deed from Fuchs to Budinger until shortly before the beginning of this action, Budinger, and, after his conveyance to defendant, the defendant had been in the uninterrupted habit of taking water from the well, using for this purpose the said door, the road mentioned, the well and its implements. Shortly before bringing this suit, plaintiff forbade the defendant taking water from the well, and used some force to prevent defendant's wife from getting water. The court found for the plaintiff, holding that defendant had no easement in lot 8, and that plaintiff was entitled to a release from defendant. Judgment accordingly; from which defendant appealed.

*Turner & Pors*, for appellant, argued that the right of water in wells and cisterns was an interest in the land, as a right, a *profit a prendre. Hill v. Lord*, 48 Me., 83; *Chatfield v. Wilson*, 28 Vt., 49; *Goodrich v. Burbank*, 12 Allen, 459. A grantor may reserve any assignable right to enter a close, take water, repair conduit pipes, etc., and such right need not be annexed to any particular estate, or limited as to place or manner of enjoyment. *De Witt v. Harvey*, 4 Gray, 488; *Buffum v. Harris*, 5 R. I., 243. If the right is annexed to lot 9 by the deed from Fuchs to Budinger, then this deed conveyed all the interest therein expressed to Budinger. And if the interest in question is assignable, *Mockley* yet has an abiding interest and right in

lot 8, as expressed in the deed. Its assignable nature as an interest in land is clearly upheld by the following authorities: Washb. on Easements, 8, 11, 12, 13; *Goodrich v. Burbank,* 12 Allen, 489; *Post v. Pearsall,* 22 Wend., 425; *Perley v. Langley,* 7 N. H., 233; *Chatfield v. Wilson,* 28 Vt., 49; *Buffum v. Harris,* 5 R. I., 253; *White v. Crawford,* 10 Mass., 183. Hence the interest in question, whether viewed as a right of way and gate or doorway, with a profit in the soil of lot 8 as a servient estate, annexed to lot 9 as the dominant estate, or simply as an easement or *profit a prendre,* or interest in lot 8, granted to Budinger, his heirs and assigns, partakes of such an assignable nature as to vest in *Mockley* an interest in the land sufficient to preclude the plaintiff from judgment. A right of way granted over the land of another, essential to the use of a dominant estate, has always been assignable; and particularly is it so when necessary to the enjoyment of some other estate or right, and inseparably connected therewith.

*G. W. Foster,* for respondent, contended that the deed from Fuchs to Budinger did not convey an easement, since that required two tenements, to each of which it must be attached. 2 Washb. R. P., 25, 26; Washb. Easements, 3; *Mabie v. Matteson,* 17 Wis., 1. Nor did it convey a *profit a prendre,* since this term is not applicable to water taken for domestic use, if to water at all. 2 Washb. R. P., *supra.* Besides *profits a prendre* must be limited in extent. 2 Washb. R. P., 81. This deed conveyed no interest in lands, but a mere incorporeal right, vanishing with the use. It is not like the right to lay pipe through land, since that is corporeal, and the pipe is there, used or unused. The question may be best discussed by using the terms of the civil law. Services under that system comprehend the easements of the common law. They were of two kinds, real and personal; the former requiring two separate estates, the latter not. See Angell on Watercourses, § 142. What is known at common law as a *way in gross,* the civil law termed a *personal service.* The right to the water in

this case was a personal service, or a right of water in gross in Budinger. Such rights are not transferable. Washb. Easements, 8; 2 Cooley's Black., 35; 3 Kent., 420. But the grant itself limited the right to take the water to the use of Budinger's family, and all the rights granted are subsidiary to that, being merely to enable the grantee to exercise it. The words, "and for any other purposes," used in the grant, cannot give the right granted any assignable quality. Washb. Easements (2d ed.), p. 9, and cases cited. And the words "heirs and assigns" in the grant can give no heritable or assignable quality to what is not in its nature transferable.

COLE, J. On looking into the deed executed by Fuchs to Budinger, there can be no doubt about the intention of the former to convey to the latter an assignable right or privilege. For the language is, conveying to Budinger, "*his heirs and assigns forever* the right and privilege to take water for the use of his family, and for any other purposes, out of the well being on the premises" of the grantor. These words in the deed show very clearly that it was not the intention of the grantor to convey a mere personal right which could be enjoyed by the grantee alone. But notwithstanding the intention of the grantor is plain, not to make this right to take water from the well which was upon his land of a personal character, still it is said that the nature of the right was such that by the rules of the common law, it was incapable of assignment or inheritance. It was, it is claimed, an easement in gross, which was attached to the person of the grantee, and could not be enjoyed by his assigns, to whom he had attempted to convey it.

When Fuchs conveyed to Budinger the right or privilege to take water from the well on his lot, and also "the right to use the hook, chain and other implements at such well by which the water" was taken by the grantor, and the right to have and use "a road three feet wide" from the east line of the grantor's lot, Budinger was the owner in fee of lot 9 adjoining on the

east.    There might be, therefore, some ground for claiming that the easement over Fuchs' lot number 8 was appurtenant to lot 9, and necessarily attached to it, into whosesoever hands the latter might come by purchase or otherwise.    In that case, the easement, being appendant to lot 9, would go with the ownership of that estate.    But, assuming that the easement was not appurtenant to lot 9, the question then arises, Was it capable of transfer and assignment by the grantee, Budinger?    We think it was, and that the evidence shows that the right or privilege has been transferred to the defendant in the action.

There are authorities which hold that where the owner of land grants to another the right to pass over his ground, or through his private alley, or to take water from a well or spring, this gift or grant is particular, and confined to the grantee alone, and not be assigned to another.    The case of *Ackroyd v. Smith*, 70 Eng. Com. Law R., 164, is a leading authority upon that point, and is followed in *Garrison v. Rudd*, 19 Ill., 558, and is cited with approbation in some of the elementary works on easements and servitudes.    Washburn on Easements and Servitudes, pp. 9, 26, 81.    See also 3 Kent, 552, 10th ed.; Woolr. Ways, p. 16.    On the other hand, there are cases in which it has been decided " that ways in gross may be granted or may accrue in various forms to one, his heirs and assigns." *Goodrich v. Burbank*, 12 Allen, 459 ; *French v. Morris*, 101 Mass., 68.    In *Goodrich v. Burbank*, the decision, as stated in the head-note, is as follows :

" A vendor of land may reserve an assignable right of taking water from a spring situated thereon, through pipes of certain dimensions, with the right to enter upon the land to make repairs, upon payment of the damages caused thereby; and such right need not be annexed to any particular estate, or be limited as to place or manner of its enjoyment.

" A vendor of land reserved to himself, his heirs and assigns, the right of taking forever so much water from a spring situated thereon, from which water was then taken in a pipe to supply

Poull vs. Mockley.

the grounds of a neighbor, as then ran in said pipe, so long as the same should last, together with the right to replace the same with a pipe of a certain size, and thereupon to take so much water as would run through the substituted pipe, and to enter and repair the aqueduct at all times, upon payment of the damages caused thereby. The neighbor received the water under a revocable license; and no part of the vendor's remaining land had the use of water from the spring. *Held,* that the reservation gave to the vendor an assignable right to take the specified quantity of water, not annexed to any particular estate or limited as to the place or manner of its enjoyment."

In this case the court refer to the rule laid down in *Ackroyd v. Smith,* to the effect that an easement proper, like a way in gross, can not be created in grant so as to be assignable or inheritable, and disapprove of it. They say that such is not the rule of law in Massachusetts. We have concluded to follow the authorities of that state upon this subject. We cannot see any substantial reason for holding that an easement in gross can not be assigned or transferred, especially when the language of the grant shows unmistakably that the intention was that it should be enjoyed by the grantee, "*his heirs and assigns.*" There is surely no ground for saying that Fuchs only intended to grant a personal right to Budinger, and to restrict the right to take water from his well to him alone. Such an inference would be wholly unwarranted from the language of the grant. In this case the defendant has become the owner of lot 9, and he has likewise acquired from Budinger the easement, unless the rule of the common law prohibits grants of that character. We do not think there is any such inflexible principle, and consequently sustain the grant in the present case.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.