Coös,  
Dec. 3, 1918.

## FRANK H. CROSS *v.* BERLIN MILLS CO.

A grant, by the owner of land extending to the thread of a stream, of the right to erect and maintain booms for logs, necessarily includes the right to make such use of the bed of the stream as is reasonably necessary for their proper and useful booming; and, if the building of piers to which the booms may be attached is reasonably necessary for such purpose, such right passes by the grant, not as a personal accommodation to the grantee but as a part of the grantor's real estate.

Where the evidence has not been reported, the presumption is that the charge of the court was based upon sufficient evidence.

Whether a photograph represents a condition of the premises in question at a period too remote or too indefinite to be of use to the jury is a preliminary question of discretion for the trial court.

Where evidence may have been excluded on the ground of remoteness and the case does not show whether the exclusion was as a matter of law or as a matter of discretion, an exception to the exclusion presents no question of law.

ACTION, for damages to the plaintiff's land caused by the defendant's unreasonably flooding the same by means of a boom used for floating logs in the Androscoggin river. Trial by jury and verdict for the

defendant. It was admitted by the defendant that the plaintiff's land was overflowed at the time alleged, that damage resulted, and that the defendant had logs in the river which formed a jam at one of the piers in the river opposite the plaintiff's premises. The pier was located near the center of the stream and was used to attach the boom to. The contention of the defendant was that the damage was attributable to an unusually high flood and not to its maintenance of the boom.

The defendant erected piers in the river some twelve years ago opposite the plaintiff's land and claimed the right to do so under a deed from Coe & Pingree. In October 1877, Dustin and Ordway, being then the owners of the land in question, conveyed to Coe & Pingree, their heirs and assigns, certain rights of flowage by means of a dam, and also "the right to erect and maintain a boom or booms on or across the river in front of said premises or at any other point in the neighborhood thereof above or below on the river, so far as concerns said premises, and to boom and detain logs thereby." Subsequently, the plaintiff acquired title to the land subject to the rights conveyed to Coe & Pingree by Dustin and Ordway. The defendant derives its title from Coe & Pingree by deed dated July 31, 1903; this deed covers the flowage and boom rights above described.

The plaintiff requested the court to charge the jury that the rights claimed by the defendant under the Coe & Pingree deed are an easement in gross and as such are unassignable, and therefore that the defendant acquired nothing by that deed. This request was denied and the plaintiff excepted. The plaintiff also excepted to the charge that the Coe & Pingree deed gave "the defendant . . . an easement or privilege in the plaintiff's premises to have his premises affected by a boom and logs thereby detained, but only so long as the boom was maintained in a reasonable and careful manner"; and that "if a pier or piers were reasonably necessary and incidental to the maintenance of a boom or booms, then the deed also carried by implication against the plaintiff's premises the right to erect and maintain such necessary and suitable piers of proper construction, and reasonably located and arranged."

Other facts are stated in the opinion. Transferred from the December term, 1917, of the superior court by *Allen*, J.

*Goss & James* and *George F. Rich* (*Mr. Goss* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes* and *Sullivan & Daley* (*Mr. Morris* orally), for the defendant.

WALKER, J.   The plaintiff's position, that the deed to Coe &
Pingree conveyed to them merely an easement in gross to maintain
a boom or booms in the river opposite his land for the purpose of
floating logs, and consequently that it was not assignable, cannot be
sustained.   As the right was expressly granted to them "their heirs
and assigns forever" and as it was not otherwise limited or modified
by other language in the deed, no argument is required in support
of the proposition, that the parties to the deed understood it con-
veyed an inheritable and assignable right.   The grantor's intention
thus clearly shown must be given effect (*Fowler* v. *Kent,* 71 N. H. 388)
unless there is some rule of law or some principle of public policy.
that renders it unenforceable.   The argument is advanced that Coe &
Pingree's right under their deed is not an ordinary easement in fee
because there is no dominant estate to which it is attached, and that
it is therefore a privilege or right personal to the grantees which they
cannot convey to another, although their grantor by apt language
attempted to invest them with full power of alienation.   At the
present day, however it might have been anciently, it is difficult
to assign a practical or convincing reason for such a proposition.
The absence of a dominant estate in the grantee would seem to afford
little reason why the grantor's capacity to convey an easement should
be limited to an unassignable right.   But whatever conclusion might
be entertained after an historical examination of the subject, it is
unnecessary to definitely determine the question in this case.   For
the deed conveyed a valuable and inherent part of the grantor's real
estate which presumably extended to the middle of the river; it
invested the grantee with the right to erect and maintain booms
therein and to use the surface of the river for the floating of logs.
The right to erect and maintain booms necessarily includes the right
to make such use of the bed of the stream as is reasonably necessary
for the proper and useful booming of logs — the essential purpose of
the grant.   If the building of piers in the river, to which the booms
may be attached is reasonably necessary for the purpose of render-
ing them secure and useful, that right passed by the deed not merely
as a personal accommodation to the grantee but as a part of the
grantor's real estate.   *Gardner* v. *Webster,* 64 N. H. 520; *White* v.
*Company,* 68 N. H. 38.   It was a right to use the bed of the stream
for the support of permanent structures and to derive therefrom such
pecuniary benefits as might result from the prosecution of the busi-
ness of transporting logs in the river adjacent to the grantor's premises.
Such a right has been deemed to be a real estate right in the nature of
a *profit à prendre.*   Wash. Easm. 14.

The case of *Engel* v. *Ayer*, 85 Me. 448 is very much in point; it was there held that the right to maintain booms conveyed by deed is not an easement merely but a profitable interest in the land which was assignable, the court saying that "the right to maintain booms involves the right to drive stakes, set posts and erect piers on the soil of the flats for the purpose of securing the logs which compose the booms. . . . In the full extent of its exercise the entire area of the flats may be covered with logs. At such times and for such a purpose, it involves practical dominion and control of the premises. 'Such a use of another's land must be considered as a profitable one. . . . It is a direct and continual appropriation of it for the purpose of gain.' *Littlefield* v. *Maxwell, supra.*"

If the deed had purported in terms to grant to the defendant its successors and assigns the right to erect in the river a stone structure or building for some useful purpose, no reasonable doubt could be entertained that an assignable interest would pass. It would be an interest in real estate and not a mere privilege personal to the grantee. For the same reason the defendant's right to maintain booms in the river supported or held together by piers is an interest in real estate which was conveyed to it by the deed of Coe & Pingree. This position is sustained by many authorities, some of which are the following: *Goodrich* v. *Burbank*, 12 Allen, 459; *Amidon* v. *Harris*, 113 Mass. 59; *Poull* v. *Mockley*, 33 Wis. 482; *Mayor &c.* v. *Law*, 125 N. Y. 380, 392; *Standard Oil Co.* v. *Buchi*, 72 N. J. Eq. 492; *Hill* v. *Lord*, 48 Me. 83; *Tinicum Fishing Co.* v. *Carter*, 61 Pa. St. 21, 39. The case of *Beach* v. *Morgan*, 67 N. H. 529, cited by the plaintiff is not an authority against this result, while *Wilder* v. *Wheeler*, 60 N. H. 351, inferentially is an authority for the defendant.

The contention of the plaintiff that there was no evidence that the erection of piers in the river was reasonably necessary for the proper enjoyment of the right conveyed and that that fact cannot be inferred in the absence of direct evidence of its existence, is a question not presented by the case. The evidence is not reported and, in such a situation, the presumption is that the court's charge was based upon sufficient evidence. *Rowell* v. *Chase*, 61 N. H. 135; *Emery* v. *Railroad*, 67 N. H. 434. Whatever is reasonably necessary, though not absolutely essential, to make the grant effective, ordinarily passes by implication. *Horne* v. *Hutchins*, 71 N. H. 117, 124; *Engel* v. *Ayer, supra.*

During the cross-examination of the plaintiff he stated in substance that a photograph shown him represented his meadow and the river

. which had overflowed the land, that no piers were represented in it, and that he did not know when the picture was taken. · Subject to exception, the photograph was admitted in evidence. If it tended to prove, as the defendant contended, that in times of high water the plaintiff's land was overflowed when there were no piers in the river, it might be material evidence for the defendant on the issue whether the piers caused the overflow. Whether it represented a condition of the river at a period too remote or too indefinite to be of use to the jury was a preliminary question of discretion for the court to determine, which does not appear to have been improperly exercised. *Pritchard* v. *Atkinson,* 69 N. H. 367; *Parker* v. *New Boston, ante,* 54.

The plaintiff also excepted to the exclusion of evidence which it is conceded might have been excluded on the ground of remoteness. The case does not show whether it was excluded as a matter of law or as a matter of discretion. Under such circumstances the exception presents no question of law. *Union Hosiery Co.* v. *Hodgson,* 72 N. H. 427; *Lambert* v. *Hamlin,* 73 N. H. 138; *Foss* v. *Railway,* 73 N. H. 246.

· *Exceptions overruled: judgment on the verdict.*

All concurred.