Coös,
June 7, 1932.

ELIZABETH RIX *v.* SARAH RIX.

*Ovide J. Coulombe* and *Ira W. Thayer* (*Mr. Thayer* orally), for the plaintiff.

*Edmund Sullivan* (by brief and orally), for the defendant.

MARBLE, J.   The defendant signed a statement procured by one Swift in which she declared: "The cause of the accident was the locking of the gears on my car."   At the trial she testified: "I started to turn around to go home . . .  I started out in first, . . . and commenced to turn, and put it in second.   . . .   But when I threw her in second she seemed to get away from me . . .   [Mr. Swift] suggested himself that the gears had locked.   . . .   I haven't said the cause of the accident was the gear locking.  I didn't say that . . .   I must have put my foot on the accelerator, because she went so quick."

A witness testified that he heard the "engine accelerating, racing so fast" that he "knew it was something unusual."   This and other testimony as to the extreme speed of the car justified a finding that the defendant negligently stepped upon the accelerator.   See *Summerfield* v. *Wetherell*, 82 N. H. 513, 516.   The fact that evidence was

introduced makes it unnecessary to consider the motion for a nonsuit made at the close of the plaintiff's opening statement. *State* v. *Hinton*, 84 N. H. 75, 77, and cases cited. The motion for a directed verdict was properly denied.

It was the contention of defendant's counsel that the accident was caused by the locking of the steering gear. The car was taken to the defendant's garage after the accident and was never run or repaired again. A mechanic inspected the car at the time of the trial and testified that he "checked the steering gear and checked the accelerator and looked the car over as much as" he could "and didn't find or see a thing wrong." The defendant excepted to the admission of this testimony because "this accident happened two years ago." It was within the discretion of the trial court to admit the evidence, and that discretion does not appear to have been improperly exercised. *Cross* v. *Company*, 79 N. H. 116, 120.

At the close of the evidence the presiding justice announced: "It is agreed by the parties that the defendant is insured." The assertion of plaintiff's counsel in argument that the defendant said she must have accelerated the engine and his reference to the man who took her written statement as an insurance agent were fully warranted by the evidence.

*Judgment on the verdict.*

All concurred.