[No. 24517.   Department One.   January 23, 1934.]

OPAL CLEASBY, *Respondent,* v. DON C. TAYLOR, *Appellant.*[1]

[1]Reported in 28 P. (2d) 795.

252

*L. B. Schwellenbach,* for appellant.

*Arthur C. Bannon,* for respondent.

MILLARD, J.—Seven-thirty o'clock the night of November 10, 1931, an automobile, owned and operated by the defendant, struck a pedestrian at the intersection of Empire way and Findlay street, in the city of Seattle. This action was instituted to recover for personal injuries claimed to have been sustained as the result of that accident. From the judgment on the verdict in favor of the plaintiff, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the defendant appealed.

Empire way, the course of which is northerly and southerly, is fifty-four feet wide. The west eighteen feet are paved with concrete. East of that paving the street is graveled for a width of twelve or thirteen feet. The remainder (twenty-three or twenty-four feet) of the street is covered with grass. Findlay street runs east and west and intersects Empire way. It is a graveled road twenty-five feet wide. At the time of the accident, the pavement was dry and the street lights were burning.

Respondent walked from Orcas street, which was three blocks south of Findlay street, on the easterly side of Empire way until she arrived at the northeast corner of Empire way and Findlay street. She made a left turn to walk across Empire way to the northwest corner of Empire way and Findlay street.

The only persons who witnessed the accident were the respondent and appellant, whose versions thereof were conflicting. Appellant testified that he was driving his automobile south on Empire way, about one foot from the right-hand, or west, edge of the paved portion of the highway, at the rate of about twenty-five miles an hour. When twenty to twenty-five feet

north of respondent, he saw her, not at the pedestrian crosswalk and facing in a westerly direction, but in the middle (nine feet east of the west edge of Empire way) of the paved portion of the intersection, facing in a northeasterly direction. Appellant assumed that, although not in the right place, respondent was crossing over the highway. He withdrew his foot from the gas lever and the car slowed down to about fifteen miles an hour in the intersection. When ten feet north of the respondent, or two and one-half feet within the intersection, appellant realized that the pedestrian was standing still and, apparently, had no intention of moving. Appellant applied the brakes, slowing his automobile to about ten miles an hour, and swerved abruptly to his left (to the east) to avoid striking respondent. The effort to avert the accident was not successful; respondent was struck by the right front fender of the automobile and seriously injured.

Appellant further testified that, in his desire to assist respondent, after his automobile had proceeded onto the graveled portion of the highway and was traveling about five miles an hour, he jumped from his automobile while it was in motion and ran to the spot where he struck respondent; that he did this because he knew that another automobile was proceeding south on Empire way about one block to the rear of appellant's automobile. Appellant's automobile traveled after the accident until it struck the bank on the left, or extreme east, side of Empire way.

Respondent testified on cross-examination that the first time she saw appellant's automobile was when she was in the center of the paved portion of Empire way, or about nine feet east of the west edge of Empire way, and appellant's automobile was then five hundred and fifteen feet north of her. On redirect ex-

amination, she testified she saw the automobile when she stepped from the curb at the northeast corner of the intersection on her journey toward the northwest corner of the intersection. She further testified that she saw the automobile north of her nearly a block when she was three feet from the west curb of Empire way; that she took three steps to a point one foot from the west curb line of Empire way when she was struck. If respondent's story be true, the 1929 Ford roadster of appellant was traveling more than one hundred and fifty miles an hour while appellant was taking three steps.

One of the charges of negligence was that appellant failed to have his automobile equipped with brakes, as required by the statute, "capable of controlling the vehicle at all times." Another charge of negligence was failure of appellant to have his automobile equipped with lighted headlights constructed, arranged and adjusted as the statute prescribes.

█ The court instructed the jury respecting the statutory mandate as to the equipment of motor vehicles with brakes and lighted headlights. The giving of those instructions, to which appellant took sufficient exception, is assigned as error. The instructions were, as appellant contends, prejudicially erroneous, as each instruction (one concerning defective brakes and the other as to defective headlights) submitted for the determination of the jury an issue upon which there was no substantial evidence. *Parton v. Barr,* 168 Wash. 60, 10 P. (2d) 566. There was no evidence that the brakes were defective. There was no competent evidence to support the allegation that the lights were defective on the night of the accident.

█ The accident occurred November 10, 1931. Three employees of an automobile company were permitted to testify as to the condition of appellant's au-

tomobile (dents in the fender, condition of the wind wing and condition of the headlights) on December 20, 1931 (forty days subsequent to the accident) when they examined it. It was not testified by either of the witnesses that the conditions existing December 20th were the same as existed immediately prior to the accident on November 10th. That evidence was inadmissible. Appellant's objections thereto should have been sustained. 10 R. C. L. 112.

Instruction No. 20, to which appellant took sufficient exception, was prejudicially erroneous. The jury were told by that instruction that contributory negligence of the respondent to bar recovery must be *the* proximate cause of the injury to the respondent; and that respondent's contributory negligence must be *alone the* proximate cause of the injury to bar recovery. The burden imposed upon the appellant by his affirmative defense of contributory negligence was that the respondent's negligence was *a* cause contributing to, or one of the proximate causes of, the accident. *Van Cello v. Clark,* 157 Wash. 321, 289 Pac. 19.

About a week or ten days after the accident, two persons, who were called as witnesses for the respondent, were shown the skid marks made in the road by the wheels of appellant's automobile. Over appellant's objection, the two were permitted to base an estimate of the speed of appellant's automobile upon the skid marks which they claimed were made in the pavement and the remainder of the road by the sliding or skidding of the wheels of appellant's automobile. Neither of these witnesses saw the appellant's car in motion. The conclusion or opinion of each of the witnesses was a mere speculation or guess.

"Complaint is made that a witness who did not see the defendant's car in motion, but observed the marks made in the street by the skidding of the wheels, was

not allowed to testify, giving his judgment as to the rate of speed the car must have been moving at the time. The ruling was correct. An answer to such question, if it should be thought to amount to anything more than mere guesswork, could, at best, be the merest conclusion. It would doubtless be proper to prove the marks, if any, their appearance, length, and other circumstances relating thereto, and the jury could draw all legitimate inferences therefrom, as well and as correctly as the witness.'' *Nelson v. Hedin,* 184 Iowa 657, 169 N.W. 37.

■ Instruction No. 17, reading as follows, was erroneous:

''The court instructs the jury that the question of the speed of the defendant's car, if the evidence shows the same to have been excessive, is a matter to be considered by the jury in arriving at the proximate cause of the collision and plaintiffs' damages, if any. The court further instructs you that it is not necessary to the determination of proximate cause that the excessive speed of the defendant's automobile if any, be the sole or whole cause of plaintiffs' damage, if any, in order that you shall find defendant's excessive speed, if any, to have been the proximate cause of the collision, but it is sufficient that the evidence, if any, shows that such excessive speed set into operation a train of occurrences resulting naturally in the injury complained of, and if you should find from the evidence, if any, that either of the above conditions existed, then your verdict must be for the plaintiff.''

In the case at bar there were only two actors, respondent and appellant. No other factor could have contributed to the alleged negligence of the appellant except the respondent's negligence. *Wiseman v. Skagit County Dairymen's Ass'n,* 166 Wash. 57, 6 P. (2d) 369.

■ Instruction No. 15 is erroneous in that the jury is directed to find appellant guilty of negligence if they

find the view to be obstructed. The necessary element of speed was omitted from the instruction.

Other errors assigned will probably not occur on a retrial of the cause. To discuss at length all of the assignments of error would unnecessarily further extend this opinion.

The judgment is reversed, and the cause remanded with direction to grant the motion for a new trial.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.

